NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JISELLE A. WATERHOUSE, | No. 17-35804 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05968-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted October 12, 2018
Seattle, Washington

Before:  N.R. SMITH and CHRISTEN, Circuit Judges, and PAYNE,** District
Judge.

Jiselle A. Waterhouse ("Waterhouse") appeals the District Court's order

affirming the Administrative Law Judge's ("ALJ") partial denial of her Social

Security benefits claim.  Waterhouse initially claimed a disability onset date of July

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert E. Payne, United States District Judge for the
Eastern District of Virginia, sitting by designation.

31, 2009. The ALJ determined Waterhouse to be disabled as of March 12, 2014, but not before. The issue on appeal—as acknowledged by Waterhouse's counsel at oral argument—is whether the ALJ erred in determining that March 12, 2014 was the proper date. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

1. We review the District Court's order affirming an ALJ's denial of Social Security disability benefits *de novo*. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). We may set aside an ALJ's disability determination "only when the ALJ's decision is 'based on legal error or not supported by substantial evidence in the record.'" *Id.* (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). Where the evidence in the record is amenable to different rational interpretations, we must uphold the ALJ's determination if the ALJ relied on one of those rational interpretations. *Id.* at 674-75.

2. Waterhouse has the burden to establish that the record requires a finding of an earlier disability onset date. She has failed to meet that burden. In her briefs, Waterhouse urges that the onset date should be July 31, 2009. However, at oral argument, Waterhouse's counsel conceded that evidence in the record did not support a finding that Waterhouse was disabled during 2009 and 2010. At oral argument, Waterhouse's counsel proposed several additional dates in 2011 that could be considered the disability onset date. Waterhouse did not meet her burden

of demonstrating that the ALJ erred by not selecting from these dates because the ALJ's determination that Waterhouse was not disabled until March 12, 2014 was based on specific evidence or opinions that we cannot say were improperly discounted.

3. The ALJ gave "specific and legitimate reasons that are supported by substantial evidence" for discounting Dr. Layton's opinion and giving it only "partial weight." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). The ALJ noted inconsistences in Dr. Layton's treatment notes, considered the lack of temporal scope indicated in his February 2013 letter, considered the failure to perform the tender points test, considered the lack of objective medical evidence to establish a fibromyalgia diagnosis, and considered how Dr. Layton's diagnosis was inconsistent with Waterhouse's daily activities.

4. The ALJ provided "specific, clear and convincing reasons" for discounting Waterhouse's own testimony about her symptoms and limitations. *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). These reasons included inconsistencies both between Waterhouse's testimony and her activities and within her own testimony, Waterhouse's refusal of medical treatments, and records indicating that her symptoms improved with medication. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (discussing how the ALJ may assess

claimant testimony).

5.    Waterhouse also challenges the ALJ's discounting of opinions by non-physician health care providers, including Mr. Myers (physician assistant), Ms. Hensley (mental health therapist), and Ms. Fields (nurse practitioner).  The reasons that the ALJ provided to discount the opinions of these non-physician providers were at least "germane," *see Molina*, 674 F.3d at 1111, and included inconsistencies between reports of Waterhouse's activities and treatment notes and contradictions with other medical evidence.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (reiterating that it is within the ALJ's province to resolve conflicts in the testimony and ambiguities in the record).

6.    The ALJ provided "germane" reasons for discounting testimony of lay witnesses—Waterhouse's mother and Rebecca Morey of the state Division of Vocational Rehabilitation—regarding Waterhouse's symptoms and limitations.  *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).  These reasons included the fact that Ms. Morey did not personally examine Waterhouse or review her medical records, and inconsistencies between the witnesses' testimony and other specified aspects of the record.  *See Lewis v. Apfel*, 236 F.3d 503, 510-12 (9th Cir. 2001).

7.    Because substantial evidence supports the ALJ's evidentiary conclusions and credibility determinations, we likewise conclude the ALJ appropriately evaluated Waterhouse's Residual Functional Capacity and

4

appropriately conducted the Step Five analysis.

8. The ALJ's review of the record in this case—including Waterhouse's in-person testimony before her—led her to conclude that Waterhouse was disabled as of March 12, 2014. Waterhouse bore the burden of establishing an earlier disability onset date. Our review of the ALJ's decision satisfies us that the ALJ provided legally sufficient reasons for coming to her conclusion, and the District Court did not err in affirming her decision that Waterhouse was not disabled until March 12, 2014. Accordingly, the judgment of the District Court is

**AFFIRMED.**